**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

SHENZHEN JIANKE TECHNOLOGY
CO., LTD. and SHENZHEN
HUIHAIBANG TRADING CO., LTD.,

    Plaintiffs,

     v.

EARTHABLES LTD.,

    Defendant.

Case No. 1:25-cv-00801

**PLAINTIFFS' MEMORANDUM IN SUPPORT**
**OF MOTION TO FILE DOCUMENTS UNDER SEAL**

NOW COMES Plaintiff SHENZHEN JIANKE TECHNOLOGY CO., LTD. ("Jianke")
and Plaintiff SHENZHEN HUIHAIBANG TRADING CO., LTD. ("HHB") (collectively herein,
"Plaintiffs") by and through their counsel, hereby submits this Memorandum of Law in connection
with the request to seal portions of Plaintiffs' Memorandum of Points and Authorities in Support
of Plaintiffs' Motion for a Temporary Restraining Order and Other Relief ("Memorandum") and
the supporting Declaration of Chun Huang and the Declaration of Mengming Zhang (collectively
herein, "Declarations").

Plaintiffs have designated information in the Memorandum and Declaration as
"Confidential – Attorneys' Eyes Only" because they contain references to and/or discussions of
highly confidential, commercially sensitive information. For the reasons set forth herein, the Court
should seal those unredacted portions of the Declarations.

BACKGROUND AND ARGUMENT

For the sake of brevity, Plaintiffs refer the Court to their Memorandum of Points and Authorities in Support of Plaintiffs' Motion for a Temporary Restraining Order and Other Relief for a full recitation of the facts.

This Court has held that "the right of access to court records is not absolute and the court may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Glob. Tel\*link Corp. v. Jacs Sols. Inc.*, No. 1:23CV179 (DJN), 2024 WL 4580398, at \*1 (E.D. Va. Aug. 28, 2024). Before a district court may seal any court documents, it must "(1) provide notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Glob. Tel\*link*, 2024 WL 4580398, at \*1 (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000)).

The Memorandum and Declarations should be sealed. As discussed herein, Plaintiffs' interests in maintaining the confidentiality of its commercially and competitively sensitive information outweighs the public's right of access under the First Amendment. And further, the threshold, procedural requirements for sealing stated in *Ashcraft* have been satisfied.

"[T]he Fourth Circuit will seal judicial records where the sealing-movant seeks to protect confidential business information[.]" *Logenix International, L.L.C. v. Hensler*, No. 1:23-CV-1191-PTG-WEF, 2024 WL 4580419, at \*2 (E.D.Va. Aug. 19, 2024); *see also Nallapaty*, 2022 WL 16984479, at \*5 ("Confidential business records have often been recognized as sufficient to outweigh the right to public access.").

Such is the case here. As discussed in this Memorandum, the Memorandum un Support of the Plaintiffs' Motion for TRO and supporting Declarations contain commercially and competitively information; namely, specifics of Plaintiffs' inventory details, including unit numbers, sales and profits, fees and costs associated with their Amazon accounts, and foreign transportation fees to transfer their products to Amazon. Each of these categories of confidential

2

information are lucrative to Plaintiffs, and the disclosure of the same would harm Plaintiffs' competitive standing. For instance, if the specifics of Plaintiffs' Amazon operations, such as price quotes, costs, and fees associated with their storefronts, were disclosed to the public, competitors could use that information to undercut Plaintiffs and take businesses therefrom.

Sealing the confidential information in the Memorandum and Declarations is narrowly tailored to serve the interest discussed above. Indeed, Plaintiffs have filed redacted versions of the documents containing other important information which constitute an "adequate record for review" by the public. *O'Brien v. AVI-SPL, LLC*, No. 1:22-CV-455, 2022 WL 18585321, at *1 (E.D. Va. Nov. 16, 2022). Therefore, the most narrowly tailored way to preserve the confidentiality of Declarations while still providing an adequate record is to seal Declarations and maintain the redacted versions of the same on the public docket.

The three procedural factors which must be met prior to sealing court filings, as set by *Ashcraft*, have been met here. First, the notice to the public is satisfied by the Notice of Motion to seal, as well as the accompanying Memorandum in Support. *See Logenix,* 2024 WL 4580419, at *2 ("the parties' motions properly notified the public of their sealing motions so that a party or non-party could object."); *Glob. Tel\*link*, 2024 WL 4580398, at *1 ("Defendant provided public notice of having filed a motion to seal."). With regard to the second factor, as discussed above, sealing the referenced documents while allowing redacted versions to be maintained on the public docket is the least drastic method of preserving the interest in confidentiality while allowing an adequate record for the public's review. Finally, this Court has sufficient specific reasons and findings on which to base an order granting the Motion to Seal.

CONCLUSION

WHEREFOR, the Court should grant the Motion to Seal and the Memorandum of Points and Authorities in Support of Plaintiffs' Motion for a Temporary Restraining Order and Other Relief and supporting Declaration of Chun Huang and the Declaration of Mengming Zhang should be sealed.

3

Dated: May 10, 2025

Respectfully submitted,

By:   /s/ Terry C. Frank
Terry C. Frank, Esq. (VSB No. 74890)
TERRY FRANK LAW
6722 Patterson Avenue, Ste. B
Richmond, Virginia 23226
P: 804.899.8089
F: 804-899-8229
terry@terryfranklaw.com
*Counsel for Plaintiffs*

By: */s/ Joseph Farco*
Joseph Farco, Esq.
(*Pro hac vice* pending)
BOCHNER PLLC
1040 Avenue of the Americas, 15th Fl.
New York, NY 10018
P: (646) 971-0685
jfarco@bochner.law
*Counsel for Plaintiffs SHENZHEN JIANKE TECHNOLOGY CO., LTD. and SHENZHEN HUIHAIBANG TRADING CO., LTD*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 10, 2025, I filed a true copy of the foregoing electronically with the Clerk of Court using the CM/ECF system and there is no counsel of record yet for Defendant.

By:  */s/ Terry C. Frank*
Terry C. Frank, Esq. (VSB No. 74890)
TERRY FRANK LAW
6722 Patterson Avenue, Ste. B
Richmond, Virginia 23226
P: 804.899.8089
F: 804-899-8229
terry@terryfranklaw.com

\

5