IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHENZHEN JIANKE TECHNOLOGY )
CO., LTD, *et al.*, )
       Plaintiffs, )
     )
     v. )         Civil Action No. 3:25CV357 (RCY)
     )
EARTHABLES, LTD., )
       Defendant. )
     )

**PRELIMINARY INJUNCTION**

This matter is before the Court following its issuance of a Temporary Restraining Order ("TRO") (ECF No. 29), ordering that the parties show cause as to why a preliminary injunction should not be entered in this matter. On June 2, 2025, the parties appeared before the undersigned for a hearing on the matter, at which time the Court heard oral argument and received evidence.

This matter stems from a design patent action in which Plaintiffs ask the Court to declare that their products—tri-fold desk dividers—do not infringe upon Defendant's patent and/or to declare Defendant's patent to be unenforceable. Defendant has been selling tri-fold desk dividers (or "study carrels") since 2020. According to Defendant, in 2022–2023, it conceived of a new design of dividers, which it embodied in February of 2023 when it shipped the new product to Amazon. Defendant filed for a design patent claiming the new design on December 13, 2023, as depicted below.





Pursuant to its application, Defendant was issued United States Design Patent D1,061,093 on February 11, 2025. On February 19, 2025, Defendant lodged a complaint with Amazon in which it alleged that Plaintiffs' products—tri-fold dividers ostensibly identical to Plaintiffs' product—infringed upon its design patent. These complaints prompted Amazon to delist Plaintiffs' products from the site, rendering Plaintiffs' Amazon stores inactive. As a result, Plaintiffs face imminent destruction of their product inventory and lost goodwill due to slipping Amazon store rankings, as well as lost opportunity for customer reviews. Plaintiffs also assert that even a temporary suspension of their Amazon stores may result in a permanent loss of their

businesses.    Accordingly, Plaintiffs filed this action, the crux of which asks the Court to declare Defendant's patent unenforceable.

On May 19, 2025, upon Plaintiffs' Motion, this Court issued a TRO directing Defendant to rescind its Amazon complaints, restraining Defendant from filing any additional complaints against Plaintiffs based on alleged patent infringement, and directing Amazon to suspend its consideration of Defendant's complaints pursuant to the same.    Therein, the Court additionally ordered the parties to show cause why the Court should not continue the terms of the TRO in a preliminary injunction.

In support of a preliminary injunction, Plaintiffs provided the Court with evidence that, in 2020, a "voting booth" product was made available to the public by a third party, InTab, LLC. The voting booth shares the shape, construction, and impression of Defendant's design, aside from an added decal with text and an American flag.[1]

The decision to grant or deny a preliminary injunction rests in the Court's sound discretion. *Trump v. Int'l Refugee Assistance Project*, 582 U.S. 571, 579 (2017).    Such injunctive relief is issued, "not to conclusively determine the rights of the parties, but to balance the equities as the litigation moves forward." *Id.* at 579–80.    A preliminary injunction serves to protect a party from irreparable injury that will likely occur before the Court can render a meaningful decision on the merits.    11A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2947 (3d ed. 2002).

---

[1] In its Response to Court's Order to Show Cause Regarding Preliminary Injunction, ECF No. 37, Defendant argued that it began selling its study carrel products before Plaintiffs began selling their products.  However, given the introduction of the 2020 voting booth product, the Court need not determine which of the parties began selling their products first.

A preliminary injunction is an extraordinary remedy that "may never be obtained as a matter of right." *Id.* § 2948. Thus, the party who moves for a preliminary injunction[2] bears the burden to "clearly establish[]" the likelihood of irreparable harm to the movant if the preliminary injunction is denied; that the balance of the equities tips in the movant's favor; the likelihood that the movant will succeed on the merits; and that the public interest is furthered by a preliminary injunction. *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)).

The Court hereby FINDS:

(1)     Plaintiffs have demonstrated an imminent threat of irreparable harm. Specifically, Plaintiffs have demonstrated that, absent immediate injunctive relief, they will lose goodwill amongst their customers via slipping Amazon store rankings as well as lost opportunity for customer reviews, and are at risk of permanently losing their businesses. *Steves & Sons, Inc v. JELD-WEN, Inc.*, 988 F.3d 690, 719 (4th Cir. 2021) ("The permanent loss of a business, with its corresponding goodwill, is a well-recognized form of irreparable injury.");

(2)     Plaintiffs have demonstrated that the balance of the equities tips in their favor. While Defendant will likely lose sales during the period of the preliminary injunction, that loss may be recompensed by bond. Thus, equitable considerations weigh in Plaintiffs' favor;

(3)     Plaintiffs have demonstrated a likelihood of success on the merits. Plaintiffs have made a preliminary showing that the design claimed by United States Design Patent No. D1,061,093 is invalid for lack of novelty, since, in the eye of the ordinary observer, the patentable aspects of the D1,061,093 Patent are shared by the voting booth product. 35 U.S.C. § 102(a)(1)

---

[2] The Court construes Plaintiffs' Reply Memorandum in Further Support of Plaintiffs' Motion for Temporary Restraining Order Against Earthables Ltd., ECF No. 39, and its oral argument together as a motion for a preliminary injunction. *See* 11A Wright & Miller § 2951 (describing the fluid relationship between TROs and preliminary injunction).

(novelty requirement); *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (articulating the "ordinary observer" test); *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233 (Fed. Cir. 2009) (holding that the "ordinary observer" test is the "sole test for anticipation").  Alternatively, because of the visual similarity between the voting booth product and the patentable aspects of Defendant's design, United States Design Patent No. D1,061,093 is invalid for obviousness.[3]  *In re Borden*, 90 F.3d 1570, 1574 (Fed. Cir. 1996); and

(4)    A preliminary injunction in this instance furthers the public's interest in limiting the effect of invalid patents.  *Yangzhou Ciyang Craft Prods.*, 2025 WL 510237, at \*4 ("To withhold [injunctive relief] would allow anyone to effectively shut down a competitor's business . . . simply by filing the notice that the competitor's product allegedly infringes on the complaining party's patent." (quoting *Beyond Blond Prods., LLC v. Heldman*, 479 F. Supp. 3d 874, 888 (C.D. Cal. 2020) (alterations omitted))).

Accordingly, the Court ORDERS:

(1)    The terms of its previous TRO (ECF No. 29) are MAINTAINED for an indefinite period, until the underlying action between the parties is resolved, specifically;

(2)    Defendant is RESTRAINED from filing any patent infringement complaints against Plaintiffs through Amazon or any third-party websites regarding alleged infringement of United States Design Patent D1,061,093;

(3)    Amazon.com is further ORDERED to MAINTAIN its suspension of Defendant's complaints, specifically, Complaint Nos. 17277215681, 17277196651, 17277215701, and

---

[3] The Court also harbors an independent skepticism that the D1,061,093 Patent involves any patentable subject matter, since each of its elements appear to be dictated by function. *OddzOnProds., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997); *Auto. Body Parts Ass'n v. Ford Glob. Techs., LLC*, 930 F.3d 1314, 1319 (Fed. Cir. 2019).

17204545991, against Amazon Standard Identification Numbers B0BZ7P8TJ8, B0D53G3V8H, B0CPPSFDQS, B0CPPV5T6N, B0D53S47TP, B0BZVVLBQY, B0CJR2XNKN, BODJQZYWGV, and BOCJR4TTDK;

(4)    Plaintiffs are ORDERED to post bond in the amount of $500,000.00, to be paid into the Court registry pursuant to Federal Rule of Civil Procedure 65(c); and

(5)    Plaintiffs SHALL immediately make all reasonable efforts to provide Amazon.com with notice of this order.

This preliminary injunction shall become effective immediately upon its entry.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

It is so ORDERED.

_____ /s/
Roderick C. Young
United States District Judge

Date:  June 2, 2025
Richmond, Virginia

6