**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |
|---|---|
| SHENZHEN JIANKE TECHNOLOGY CO., LTD. AND SHENZHEN HUIHAIBANG TRADING CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> EARTHABLES LTD., <br><br> Defendant | Civil Action No. 3:25-cv-00357 <br><br> **DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIM** <br><br> (JURY TRIAL DEMANDED) |

Defendant Earthables by and through their undersigned counsel, for their Answer to the Complaint filed May 8, 2025 (the "Complaint") by Plaintiffs Shenzhen Jianke Technology Co., Ltd. ("Jianke") and Shenzhen Huihaibang Trading Co., Ltd. ("HHB") (collectively referred to as "Plaintiffs"), and in support thereof, state as follows:

**JURISDICTION, VENUE & PARTIES (¶¶ 1-12)**

1.  Defendant admits the allegations set forth in paragraph 1 of the Complaint.

2.  Defendant admits the allegations set forth in paragraph 2 of the Complaint.

3.  Defendant admits the allegations set forth in paragraph 3 of the Complaint.

4.  Defendant admits the allegations set forth in paragraph 4 of the Complaint.

5.  Defendant denies the allegations set forth in paragraph 5 of the Complaint. Defendant's company is registered under the laws of Bulgaria, having a registered office at Western Industrial Zone, Office Granite, Floor 2, Varna, Bulgaria 9000.

6.  Defendant admits the allegations set forth in paragraph 6 of the Complaint.

7.  Defendant admits the allegations set forth in paragraph 7 of the Complaint except that Defendant is a Bulgarian company with its primary offices in Bulgaria.

8.  Defendant admits the allegations set forth in paragraph 8 of the Complaint.

9.  Defendant admits the allegations set forth in paragraph 9 of the Complaint.

10. In response to paragraph 10 of the Complaint, Defendant admits that Venue is proper in Virginia.  Defendant denies the remaining allegations of paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 11 of the complaint.

12. Defendant admits the allegations set forth in paragraph 12 of the Complaint.

### GENERAL FACT ALLEGATIONS (¶¶ 13-42)

13. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 16 of the Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 17 of the Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 18 of the Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 19 of the Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 22 of the Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 23 of the Complaint.

24. Defendant admits the allegations set forth in paragraph 24 of the Complaint.

25. Defendant admits the allegations set forth in paragraph 25 of the Complaint.

26. Defendant admits the allegations set forth in paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of the Complaint.

29. Defendant admits the allegations set forth in paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32. In response to paragraph 32 of the Complaint, Defendant admits that the Privacy Shields and the Storage Study Carrel products infringe the D093 Patent.  The remaining allegations of this paragraph set forth legal conclusions and questions of law to which no response is required.

33. In response to paragraph 33 of the Complaint, Defendant admits that the Privacy Shields and the Storage Study Carrel products infringe the D093 Patent.  The remaining allegations of this paragraph set forth legal conclusions and questions of law to which no response is required.

34. In response to paragraph 34 of the Complaint, Defendant admits that the Privacy Shields and the Storage Study Carrel products infringe the D093 Patent.  The remaining allegations of this paragraph set forth legal conclusions and questions of law to which no response is required.

35. In response to paragraph 35 of the Complaint, Defendant admits that the Privacy Shields and the Storage Study Carrel products infringe the D093 Patent.  The remaining allegations of this paragraph set forth legal conclusions and questions of law to which no response is required.

36. In response to paragraph 36 of the Complaint, Defendant admits it reported the Privacy Shields and Storage Study Carrel infringing products to Amazon. Defendant denies the remaining the allegations in this paragraph.

37. In response to paragraph 37 of the Complaint, Defendant admits that the Plaintiffs Products infringe the D093 Patent for the same reasons the Storage Study Carrel infringes the D093 Patent. The remaining allegations of this paragraph set forth legal conclusions and questions of law to which no response is required.

38. In response to paragraph 38 of the Complaint, Defendant admits that the Plaintiffs Products infringe the D093 Patent for the same reasons the Storage Study Carrel infringes the D093 Patent. The remaining allegations of this paragraph set forth legal conclusions and questions of law to which no response is required.

39. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 39 of the Complaint.

40. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 40 of the Complaint.

41. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 41 of the Complaint.

42. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 42 of the Complaint.

**COUNT I – Declaratory Judgment of Non-Infringement (¶¶ 43-48)**

43. With respect to paragraph 43, Defendant reiterates and reallege each and every response to paragraphs 1 through 42 of the Complaint, with the same force and effect as if fully set forth herein.

44. Defendant admits the allegations set forth in paragraph 44 of the Complaint.

45. In response to paragraph 45 of the Complaint, Defendant admits that the Plaintiffs Products infringe the D093 Patent.  As to the remaining allegations in paragraph 45, Defendant lacks knowledge or information sufficient to form a belief and therefore denies the same.

46. In response to paragraph 46 of the Complaint, Defendant admits that the Plaintiffs Products and the Storage Study Carrel infringe the D093 Patent.  The remaining allegations of this paragraph set forth legal conclusions and questions of law to which no response is required.

47. Defendant denies the allegations set forth in paragraph 47 of the Complaint.

48. Defendant denies the allegations set forth in paragraph 48 of the Complaint.

### COUNT II – Declaratory Judgment of Invalidity (¶¶ 49-57)

49. With respect to paragraph 49, Defendant reiterates and reallege each and every response to paragraphs 1 through 48 of the Complaint, with the same force and effect as if fully set forth herein.

50. Defendant admits that the effective U.S. filing date of the '093 Patent is December 13, 2023, and denies the remaining allegations set forth in paragraph 50 of the Complaint.

51. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 51 of the Complaint.

52. Defendant denies the allegations set forth in paragraph 52 of the Complaint.

53. Defendant admits that the Privacy Shields and Storage Study Carrel infringe the D093 Patent.  Defendant denies the remaining allegations set forth in paragraph 53 of the Complaint.

54. Defendant admits that the Plaintiffs Products and the Storage Study Carrel infringe the D093 Patent.  Defendant denies the remaining allegations set forth in paragraph 54 of the Complaint.

55. Defendant denies the allegations set forth in paragraph 55 of the Complaint.

56. Defendant denies the allegations set forth in paragraph 56 of the Complaint.

57. Defendant denies the allegations set forth in paragraph 57 of the Complaint.

**COUNT III – Lanham Act § 43(a) (False Description) (¶¶ 58-69)**

58. With respect to paragraph 58, Defendant reiterates and reallege each and every response to paragraphs 1 through 57 of the Complaint, with the same force and effect as if fully set forth herein.

59. Defendant denies the allegations set forth in paragraph 59 of the Complaint.

60. Defendant denies the allegations set forth in paragraph 60 of the Complaint.

61. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 61 of the Complaint.

62. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 62 of the Complaint.

63. Defendant denies the allegations set forth in paragraph 63 of the Complaint.

64. Defendant denies the allegations set forth in paragraph 64 of the Complaint.

65. Defendant denies the allegations set forth in paragraph 65 of the Complaint.

66. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 66 of the Complaint.

67. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 67 of the Complaint.

68. Defendant denies the allegations set forth in paragraph 68 of the Complaint.

69. Defendant denies the allegations set forth in paragraph 69 of the Complaint.

**COUNT IV – Tortious Interference with Contractual Relations (¶¶ 70-84)**

70. With respect to paragraph 70, Defendant reiterates and reallege each and every response to paragraphs 1 through 69 of the Complaint, with the same force and effect as if fully set forth herein.

71. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 71 of the Complaint.

72. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 72 of the Complaint.

73. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 73 of the Complaint.

74. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 74 of the Complaint.

75. Defendant denies the allegations set forth in paragraph 75 of the Complaint.

76. Defendant denies the allegations set forth in paragraph 76 of the Complaint.

77. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 77 of the Complaint.

78. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 78 of the Complaint.

79. Defendant denies the allegations set forth in paragraph 79 of the Complaint.

80. Defendant denies the allegations set forth in paragraph 80 of the Complaint.

81. Defendant denies the allegations set forth in paragraph 81 of the Complaint.

82. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 82 of the Complaint.

83. Defendant denies the allegations set forth in paragraph 83 of the Complaint.

84. Defendant denies the allegations set forth in paragraph 84 of the Complaint.

**COUNT V – Intentional Interference with Prospective Economic Advantage (¶¶ 85-102)**

85. With respect to paragraph 85, Defendant reiterates and realllege each and every response to paragraphs 1 through 84 of the Complaint, with the same force and effect as if fully set forth herein.

86. Defendant denies the allegations set forth in paragraph 86 of the Complaint.

87. Defendant denies the allegations set forth in paragraph 87 of the Complaint.

88. Defendant denies the allegations set forth in paragraph 88 of the Complaint.

89. Defendant denies the allegations set forth in paragraph 89 of the Complaint.

90. Defendant denies the allegations set forth in paragraph 90 of the Complaint.

91. Defendant denies the allegations set forth in paragraph 91 of the Complaint.

92. Defendant denies the allegations set forth in paragraph 92 of the Complaint.

93. Defendant denies the allegations set forth in paragraph 93 of the Complaint.

94. Defendant denies the allegations set forth in paragraph 94 of the Complaint.

95. Defendant denies the allegations set forth in paragraph 95 of the Complaint.

96. Defendant denies the allegations set forth in paragraph 96 of the Complaint; Defendant's conduct was at all times privileged and based upon infringement of a valid and enforceable patent.

97. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 97 of the Complaint.

98. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 98 of the Complaint.

99. Defendant lacks knowledge or information sufficient to form a belief and therefore denies the allegations set forth in paragraph 99 of the Complaint.

100.    Defendant denies the allegations set forth in paragraph 100 of the Complaint.

101.    Defendant denies the allegations set forth in paragraph 101 of the Complaint.

102.    Defendant denies the allegations set forth in paragraph 102 of the Complaint.

**COUNT VI – Unjust Enrichment (¶¶ 103-110)**

103.    With respect to paragraph 103, Defendant reiterates and reallege each and every response to paragraphs 1 through 102 of the Complaint, with the same force and effect as if fully set forth herein.

104.    Defendant denies the allegations set forth in paragraph 104 of the Complaint.

105.    Defendant denies the allegations set forth in paragraph 105 of the Complaint.

106.    Defendant denies the allegations set forth in paragraph 106 of the Complaint.

107.    Defendant denies the allegations set forth in paragraph 107 of the Complaint.

108.    Defendant denies the allegations set forth in paragraph 108 of the Complaint, but admits there is no written contract between Plaintiffs and Defendant.

109.    Defendant denies the allegations set forth in paragraph 109 of the Complaint.

110.    Defendant denies the allegations set forth in paragraph 110 of the Complaint.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

(FAILURE TO STATE A CLAIM UPON RELIEF CAN BE GRANTED)

111.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Even assuming the truth of the allegations therein, Plaintiff has not alleged sufficient facts to establish a plausible claim for relief for any of their causes of action.

SECOND AFFIRMATIVE DEFENSE

(PRIVILEGE)

11

112.    Plaintiff's claim for tortious interference with contractual relations is barred, in whole or in part, by the doctrine of privilege and legal justification. Any conduct by Defendant that allegedly interfered with Plaintiff's contractual or business relations was undertaken in good faith, for a legitimate purpose, and was legally privileged. Defendant acted to protect its own legally recognized rights, interests, or business relationships by asserting patent infringement for a valid design patent, without improper motive or unlawful means. As such, Defendant's actions do not constitute tortious or intentional interference as a matter of law.

*(continued)*

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests the following relief:

A.     That Plaintiff's Complaint be dismissed in its entirety, with prejudice;

B.     An award of costs and expenses incurred in defending this action, to the extent

and in an amount permitted by law; and

C.     For such other and further relief as this Court deems just and proper.


Dated: June 5, 2025                              /Thomas Tatonetti/_____
                                                 Thomas Tatonetti (pro *hac vice*)
                                                 ttatonetti@tatonettiip.com
                                                 TATONETTI IP
                                                 569 77th Street
                                                 Brooklyn, NY 11209
                                                 Phone:  (917) 684-2684

                                                 *Counsel for Defendant Earthables, Ltd.*

                                                 Benjamin E. Maskell (VSB No. 78,791)
                                                 ben@MaskellLaw.com
                                                 MASKELL LAW PLLC
                                                 937 N. Daniel St.
                                                 Arlington, VA 22201
                                                 Phone:  703-568-4523

                                                 *Counsel for Defendant Earthables, Ltd.*


*(counter claim appears on the following page)*

## COUNTERCLAIM

Having responded to each and every paragraph of Plaintiffs' Complaint, Defendant/Counterclaim Plaintiff Earthables ("Earthables"), by and through their undersigned counsel, respectfully submit this Counterclaim against Plaintiffs/Counterclaim Defendants Shenzhen Jianke Technology Co., Ltd. ("Jianke") and Shenzhen Huihaibang Trading Co., Ltd. ("HHB") (collectively referred to as "Amazon Sellers"), and in support thereof, state as follows:

## JURISDICTION, VENUE, AND PARTIES

1.    Jianke is a limited company organized under the laws of China with its principal place of business at Room 11G, Building H, Huajun Jiayuan, Huayangnian, Area 83, Haiyu Community, Xin'an Subdistrict, Bao'an District, Shenzhen City, China.

2.    HHB is a limited company organized under the laws of China with its principal place of business at Room 313, Haoye Yayuan, Haotian Community, Xixiang Subdistrict, Bao'an District, Shenzhen City, China, China.

3.    Earthables Ltd. is a company organized under the laws of Bulgaria, having a registered office at Western Industrial Zone, Office Granite, Floor 2, Varna, Bulgaria 9000.

4.    These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.

5.    This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.    Venue is proper in this District under 28 U.S.C. § 1391.

7.    Earthables owns U.S. Design Patent No. D1,061,093 S1 (the "D093 Patent"), titled "Study Carrell," duly issued on February 11, 2025.

14

8.    Earthables holds all substantial rights in and to the D093 Patent, including the exclusive right to sue for infringement.

## FACTS

9.    Earthables has been selling study carrell products since at least 2020.

10.    Earthables was issued U.S. Design Patent No. D1,061,093 S1 (the "D093 Patent") was filed on December 13, 2023, and issued as a patent on February 11, 2025.

11.    The D093 Patent is valid and enforceable.

12.    The Amazon Sellers have been and are currently manufacturing, importing, selling, offering for sale, or using a study carrel product embodied and protected in the D093 Patent, that is substantially the same as the ornamental design claimed in the D093 Patent.

13.    The Amazon Sellers sell products on Amazon that include, but are not limited to, the following Amazon ASINs (Amazon Standard Identification Numbers), which identify a unique product sold by the Amazon Sellers: B0BZ7P8TJ8, B0D53G3V8H, B0CPPSFDQS, B0CPPV5T6N, B0D53S47TP, B0BZVVLBQY, B0CJR2XNKN, BODJQZYWGV, and BOCJR4TTDK which infringe the D093 Patent ("Accused Products.")

14.    One of the Accused Products is sold by HHB on Amazon under the ASIN: B0BZVVLBQY and is depicted below:

15



15.     One of the Accused Products is sold by Jianke on Amazon under the ASIN B0CJR2XNKN and is depicted below.



16.     The Accused Products are substantially the same as the design claimed in the D093 Patent and would appear substantially the same to an ordinary observer.

17.     The Amazon Sellers' actions constitute infringement of the D093 Patent in violation of 35 U.S.C. § 271.

18.     Earthables has not granted a license to the Amazon Sellers or other authorization to make, use, offer for sale, or import study carrell products that embody the study carrell design in the D093 Patent.

19.     Earthables has been damaged as a result of the Amazon Sellers' infringing conduct and is entitled to damages adequate to compensate for such infringement, pursuant to 35 U.S.C. § 289 and/or 35 U.S.C. § 284.

20.     On May 8, 2025, the Amazon Sellers filed a complaint ("Complaint") against Earthables alleging, among other things, that the D093 Patent is invalid.

21.     In the Complaint, the Amazon Sellers contend the Accused Products are "virtually identical," "confusingly similar," "substantially the same" to a product called the "Storage Study Carrel" that, according to Amazon Sellers's contentions in the Complaint, meets the legal standards to infringe the D093 Patent, thereby admitting that their products infringe the D093 Patent. (*See* Complaint, ¶¶ 22, 32-35, 37,38, and 45).

#### COUNT I – INFRINGEMENT OF THE D093 PATENT

22.     Earthables realleges paragraphs 1-20 as though fully set forth herein.

23.     By making, using, importing, offering for sale, and/or selling the Accused Products in the United States without authorization, the Amazon Sellers have infringed and continue to infringe the '093 Patent under 35 U.S.C. § 271(a).

24.     HHB had actual notice of the D093 Patent no later than February 24, 2025

25.     Jianke had actual notice of the D093 Patent no later than February 19, 2025.

26.     Despite knowledge of the D093 Patent, the Amazon Sellers have continued their infringing activities, rendering such infringement willful and egregious.

#### PRAYER FOR RELIEF

17

WHEREFORE, Earthables respectfully prays for judgment in its favor and against the Amazon Sellers, and for the following relief:

A.    Declaring that the Amazon Sellers have infringed the '093 Patent;

B.    Permanently enjoining Amazon Sellers and those acting in concert with them from further infringement of the D093 Patent;

C.    Awarding damages adequate to compensate for the infringement, including the Amazon Sellers' total profits pursuant to 35 U.S.C. § 289, together with prejudgment and post-judgment interest;

D.    Enhanced damages under 35 U.S.C. § 284 due to the Amazon Sellers' willful infringement;

E.    Declaring this an exceptional case and awarding Earthables its attorneys' fees under 35 U.S.C. § 285, along with costs; and

F.    Granting such other and further relief as the Court deems just and proper.

<u>**JURY TRIAL DEMANDED**</u>

Dated: June 5, 2025

/Thomas Tatonetti/
Thomas Tatonetti (pro *hac vice*)
ttatonetti@tatonettiip.com
TATONETTI IP
569 77th Street
Brooklyn, NY 11209
Phone:  (917) 684-2684

*Counsel for Defendant Earthables, Ltd.*

Benjamin E. Maskell (VSB No. 78,791)
ben@MaskellLaw.com
MASKELL LAW PLLC
937 N. Daniel St.
Arlington, VA 22201
Phone:  703-568-4523

*Counsel for Defendant Earthables, Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are

being served with a copy of this document via the Court's EM/ECF system on June 5, 2025.


Dated: June 5, 2025

/Benjamin E. Maskell/
Benjamin E. Maskell (VSB No. 78,791)
ben@MaskellLaw.com
MASKELL LAW PLLC
937 N. Daniel St.
Arlington, VA 22201
Phone:  703-568-4523