SHENZHEN JIANKE TECHNOLOGY, )
CO., LTD, *et al.*, )
        Plaintiffs, )
         )
v. )        Civil Action No. 3:25CV357 (RCY)
         )
EARTHABLES, LTD., )
        Defendant. )
         )

## RULE 16(b) SCHEDULING ORDER

The following shall govern the progress of this action in addition to the provisions of the Federal Rules of Civil Procedure as modified and/or enlarged upon by the Local Rules for this Court. This Order shall control if any conflict is perceived between it and either the Federal or Local Rules. This Order shall supersede all prior Scheduling and Pretrial Orders that have been entered in this matter. Only the Court, by order, may approve extensions of time. Subject to any motions now pending, the parties having reported to the Court in accordance with the Federal Rule of Civil Procedure Rule 26(f), the Court ORDERS as follows:

### Trial Date

1. A trial date will be set at the direction of the Court at a later date.

### Settlement Conference

2. The parties are required to schedule a settlement conference with U.S. Magistrate Judge Mark R. Colombell, with such conference to take place no later than 30 calendar days before the dispositive motion deadline, consistent with the demands of Judge Colombell's calendar and pursuant to the parameters set forth by chambers. Lead counsel may appear via Zoom. To the extent any of the parties require an interpreter, the parties must provide one at their own expense.

**Final Pretrial Conference**

3. A Final Pretrial Conference ("FPTC") will be held by the Court at a later date. Not later than 7 days before the FPTC, the parties shall jointly submit a proposed Final Pretrial Order to the Court, endorsed by counsel and setting forth all resolved and disputed matters related to trial evidentiary issues. The proposed Final Pretrial Order shall be broken down by the following sections: (1) Stipulated Facts; (2) Legal and Evidentiary Stipulations (including jurisdiction and venue); (3) List of Proposed Witnesses by Each Party; (4) Exhibits (including identification of those exhibits to which there is no objection); (5) Factual Contentions as set forth by each party; and (6) Triable Issues as set forth by each party.

**Motions for Joinder or to Amend; Other Motions**

4. Any motions for joinder of additional parties shall be filed no later than 15 days after this order. Any motions to amend pleadings shall be filed in accordance with Fed. R. Civ. P. 15(a). Any such motions filed that do not comply with Rule 15(a) will be entertained only when justice so requires. Local Civil Rule 7(E) notwithstanding, the Court will not automatically deem a motion withdrawn absent a filed notice requesting (or waiving) hearing; the Court will schedule a hearing only if it determines one may be necessary after review of the briefs

**Discovery Schedule**

5. **Initial Disclosures**: The parties have served their Initial Disclosures.

6. **Fact Discovery Deadlines**: All fact discovery will be completed by within thirty (30) days after any Markman hearing or **February 10, 2026**, whichever occurs later.

7. **Discovery Format**: The parties agree to produce all documents electronically in either their native format or in PDF or TIFF format, and a party may request TIFF or other native format upon request, if necessary. The parties further recognize that certain files should be

produced in native formats, including database files, spreadsheets (such as Excel files), and any other files (such as system, program, CAD (e.g., STP, STEP, etc.) and sound files) which may not be amenable to conversion into the agreed upon electronic format without rendering a material part of those files or the information they contain, as a practical matter, unusable or unreviewable.

8. **Privilege Logs**: The parties agree to provide privilege logs for communications that occurred on or before the earliest of the Amazon "takedown" as that term is defined in the Complaint.

9. **Discovery Limitations**: Consistent with and in addition to the discovery limitations set forth in the Federal Rules of Civil Procedure, the parties further agree as follows:

a. Depositions:

Depositions shall be limited to a total of ten (10) non-expert deposition notices per side of party witnesses and non-party witnesses. The number of depositions may be extended only by agreement of the parties or with leave of the Court, and only upon a showing of good cause. Any notice for a deposition pursuant to Rules 30(b)(6) or 45 shall be served no later than **January 10, 2026**, and the parties agree to complete depositions of party witnesses and non-party witnesses by the fact discovery deadlines. The parties further agree to identify the corporate representative being offered to testify as a witness pursuant to Rule 30(b)(6) and the topics on which the witness is being offered to testify at least ten (10) business days in advance of the deposition date. Nothing in this section shall allow the deposition of a single non-expert witness for greater than seven (7) hours in a single day without agreement of the parties or leave of the court, except that for depositions that require translation, the maximum deposition time shall be no more than fourteen (14) hours across two days (i.e., seven hours per day, unless otherwise agreed by the parties).

b.     The parties agree that all depositions will be taken under United States law and pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules, regardless of the actual location. The parties agree to cooperate to schedule depositions at a time and place convenient for both counsel and witnesses and agree that remote depositions are permissible as long as they and the court reporter and/or videographer comply with the Local Rules.

c.     The parties agree to be bound by Federal Rule of Civil Procedure 26(b)(4) as to discovery of expert materials.

d.     Interrogatories:

The parties may not serve on the opposing party more than twenty-five (25) interrogatories, including parts and subparts, without leave of the Court. Subparts of a basic interrogatory which are logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory shall not be counted separately from the basic interrogatory.

e.     Requests for Admission:

Unless limited herein or by the Court's order, the parties shall otherwise abide by the discovery limitations set forth in the Federal Rules of Civil Procedure. A party may seek extensions of those limitations for good cause.

f.     Unless limited herein or by the Court's order, the parties shall otherwise abide by the discovery limitations set forth in the Federal Rules of Civil Procedure. A party may seek extensions of those limitations for good cause.

10.     Clawback Provision: The parties agree that the inadvertent production or disclosure of privileged or otherwise protected materials shall not be deemed *per se* a waiver or

impairment of any claim of privilege or protection. The parties agree to follow the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B) as it relates to the inadvertent production or disclosure of privileged or otherwise protected materials.

11.     **Electronic Discovery**: The parties will conduct electronic discovery in accordance with the Federal Rules of Civil Procedure.

The parties will institute standard procedures for the preservation of documents, including electronically stored information and agree to preserve to the extent possible voicemails, text messages, instant messages, e-mail, online platform and other methods of communications.

12.     By **December 15, 2025,** Plaintiffs shall serve their Initial Invalidity Contentions, which must identify as specifically as possible the following information:

a.     Each item of prior art that Plaintiffs contend anticipates each specified claim. Each prior art patent shall be identified by its number, country of origin, and date of issuance. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior use under 35 U.S.C. § 102, or on sale activity under 35 U.S.C. § 102, shall be identified by specifying the item offered for sale or publicly used or known; the date the offer or use took place or the information became known; the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known; and the evidence Plaintiffs will rely upon, including the names of any expected witnesses and a summary of their anticipated testimony.

b.     On a claim-by-claim basis, whether each item of prior art anticipates each asserted claim and/or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination of prior art that Plaintiffs contend renders each specified claim obvious and the motivation to combine such items.

c.      A chart identifying specifically in each alleged item of prior art where each limitation of each asserted claim is found, including for each limitation Plaintiffs contend is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that corresponds to the structure identified in the patent specification that performs the claimed function.

d.      Any grounds of invalidity for any of the asserted claims based on indefiniteness, or lack of enablement, or written description, under 35 U.S.C. § 112.

e.      A copy of each item of prior art identified by Plaintiffs that does not appear in the file history of the patent at issue (together with any English translations of the documents).

f.      Plaintiffs shall serve Final Invalidity Contentions, which may amend the Initial Invalidity Contentions as of right, within fourteen (14) days after receiving Defendant's Final Infringement Contentions.

g.      Amendments to the Final Invalidity Contentions may only be made by order of the Court upon a timely showing of good cause, said good cause to include recent discovery of prior art despite earlier diligent search.

h.      Simultaneously with their Final Invalidity Contentions, Plaintiffs shall serve an election of asserted invalidity arguments that they intend to assert at trial. Plaintiffs shall limit the asserted invalidity arguments to no more than five (5) invalidity arguments based on prior art under 35 U.S.C. §§ 102, 103.

13.      By **October 25, 2025**, Defendant shall serve its Initial Infringement Contentions and a document production that identify, as specifically as possible, the following information:

a.      An identification of all asserted claims, including the applicable statutory subsections of 35 U.S.C. § 271 asserted for each claim;

b.     Identifying information for each accused instrumentality of which Defendant is aware;

c.     Claim charts identifying on a limitation-by-limitation basis, how Defendant contends each accused instrumentality meets the requirements of the asserted claims;

d.     If indirect infringement is alleged, an identification of any direct infringement and an identification of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement;

e.     Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the accused instrumentality;

f.     For any patent-in-suit that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled;

g.     Production of all documents evidencing any prior publication or disclosure on which the patent holder intends to rely to avoid prior art less than one year before the earliest effective priority date claimed;

h.     Production of the complete file histories for the patents-in-suit and any earlier patent or application to which (or through which) a priority claim is made;

i.     Production of all agreements to assign, license, or otherwise convey rights to or under any of the patents-in-suit;

j.     Defendant shall produce documents sufficient to show marking of its own apparatus that they may allege practices any asserted claim;

k.     If a party claiming patent infringement alleges willful infringement, the basis for such allegation, including production of documents supporting such allegations;

l.      Defendant shall serve Final Infringement Contentions, which may amend the Initial Infringement Contentions as of right, within fourteen (14) days after receiving an order on claim construction from the Court;

m.      Simultaneously with their Final Infringement Contentions, Defendant shall serve an election of no more than five (5) asserted claims that they intend to assert at trial. Should Defendant discover new acts of infringement after this election of asserted claims, Defendant may increase the number of asserted claims to address those new acts of infringement; and

n.      Amendments to the Final Infringement Contentions may only be made by order of the Court upon a timely showing of good cause, said good cause to include recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Final Infringement Contentions.

14.    **Claim Construction**:

The parties shall identify claim terms for construction on or by **October 10, 2025**. The parties shall exchange proposed constructions, including an identification of any intrinsic and extrinsic evidence the party will use to support a proposed construction, by **November 3, 2025**. The parties shall exchange opening claim construction briefs on **November 17, 2025.** The parties shall exchange responsive claim construction briefs on **December 17, 2025.** The parties shall then seek the Court's guidance on a schedule for a claim construction hearing, if necessary.

**Rule 26(a)(2)(B) Discourses and Cutoff for Expert Discovery**

15.    Not later than **March 1, 2026**, each party shall identify all persons it expects to call as expert witnesses in its case-in-chief at trial in support of any complaint, counterclaim, cross-claim, or third-party complaint, and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert

witness. Rule 26(a)(2)(B) shall <u>not</u> be deemed to include the opinion(s) of treating professionals and the terms of this Order shall supersede any conflicting provisions of Rule 26. Not later than **April 1, 2026**, each defending party shall identify all persons it expects to call as expert witnesses in opposition to any complaint, counterclaim, cross-claim, or third-party complaint, and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness. Not later than **May 1, 2026,** each party shall identify all persons expected to be called as expert witnesses solely to contradict or rebut any such opposition witness and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness.

16.     All expert discovery shall be completed by **May 1, 2026**.

17.     The parties are advised that they may rely upon the testimony of only one expert per topic, except by order of the Court. Any motions challenging expert testimony based upon *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny shall be filed not later than **May 15, 2026**. Any response to such a motion shall be filed not later than ten (10) calendar days after the filing of the motion and any reply shall be filed not later than three (3) calendar days thereafter.

### Discovery Disputes

18.     Counsel are expected to resolve discovery disputes without filing motions or involving the Court. If, after good faith effort, counsel are unable to resolve a dispute and need the Court to intervene, the parties must file a <u>joint</u> motion not exceeding twenty (20) pages in length setting forth (1) the posture of the case, (2) the nature of the discovery dispute, (3) the efforts made by the parties to resolve the dispute, (4) the position of each party regarding the dispute, (5) whether a hearing is necessary to address the issue, and (6) a certification under Local Rule 37(E)

signed by counsel for each party that they have met and conferred in good faith to resolve the dispute before involving the Court.

If, however, the parties believe that a joint pleading is not feasible, the parties may file separate pleadings under the following terms: the motion to compel (or motion for protective order) with memorandum incorporated therein and any response with memorandum incorporated therein may not exceed seven (7) pages in length and any reply may not exceed three (3) pages. The motion to compel (or motion for protective order) must contain a description of the efforts made by the parties to resolve the dispute and an explanation as to why the parties were unable to file a joint motion. Moreover, unless resolution of the dispute under the standard pleading deadlines set forth in Local Rule 7(F)(1) can occur before the deadline for the completion of discovery, any non-joint pleadings must be filed pursuant to an agreed briefing schedule that provides sufficient time for the Court to rule on the motion before the deadline for the completion of discovery as set forth in this paragraph (above). Counsel are reminded that discovery disputes requiring judicial intervention are strongly disfavored and that the Court will consider imposing sanctions pursuant to Fed. R. Civ. P. 37 and Local Rule 37 against any party not acting in good faith to resolve a dispute before involving the Court.

19.     No discovery materials shall be filed with the Clerk except by order of the Court.

20.     If a party objects to the production of documents on the grounds of attorney-client privilege, attorney work-product doctrine, or any other protection, the objecting party must provide the requesting party with an inventory list of the documents to which objection is made (i.e., a privilege log), together with a brief description of the document, including the date, the author, identity of each recipient including their job titles at the pertinent time, and the claimed basis for its protection, all of which shall be sufficient to permit the opposing party to assess the claim of

privilege or protection. Unless otherwise ordered by the Court, the claim of privilege or protection shall be waived unless the privilege log is served with the objections to the request for production in the time required by the Local Rules or by a deadline established by an order of the Court. If any party anticipates difficulty meeting the deadline for asserting discovery objections or serving the opposing party with a privilege log, the Court instructs the party to move for an extension of time at the earliest reasonable opportunity, preferably before objections or privilege logs become due. Such motion will be granted for good cause shown. If any party is shown to have unnecessarily delayed in seeking such an extension of time, the Court will strictly enforce the deadlines established by the Local Rules.

### Dispositive Motions

21.     All dispositive motions shall be filed not later than **March 15, 2026.** This deadline shall not change, except by order of the undersigned. Counsel are reminded of the requirements of Local Rule 56(B), which are specifically incorporated herein regarding motions for summary judgment.

### Non-Dispositive Motions

22.     All non-dispositive motions, including all motions *in limine* (excluding *Daubert* motions, *see* ¶ 18 *supra*) shall be filed not later than **May 29, 2026**. The brief in opposition to such non-dispositive motions shall be filed not later than **June 5, 2026**. The reply brief in support of such non-dispositive motions, if any, shall be filed not later than **June 12, 2026**. Counsel for each party shall meet and confer with opposing counsel in a good faith effort to narrow the areas of disagreement **prior** to filing such motions.

**Proposed Witnesses**

23.     Plaintiffs/Counterclaim Plaintiff shall file a list of proposed witnesses by **June 5, 2026,** and Defendant/Counterclaim Defendants shall file its list of witnesses **June 12, 2026**. Plaintiffs/ Counterclaim Plaintiffs shall file a list of any rebuttal witnesses by **June 14, 2026**. Failure to comply with the provisions of this paragraph shall result in preclusion of a witness's testimony at trial, absent exceptional circumstances.

**Discovery To Be Used As Evidence**

24.     Plaintiffs/Counterclaim Plaintiffs shall file a designation no later than **June 5, 2026,** specifically identifying any discovery material that is intended to be offered into evidence, and each Defendant/ Counterclaim Defendants shall do likewise by **June 15, 2026**.  Any designation must identify the specific item of discovery intended to be offered into evidence by exhibit number, title of the document and the specific page and sentence of the relevant information, along with a statement of relevance and basis for admission.

**Jury Instructions and Verdict Form**

25.     If this matter is to be tried by a jury, counsel for all parties shall jointly file electronically any requested jury instructions, including all requested standard instructions, and a proposed verdict form by no later than **June 10, 2026**.  The submission of proposed jury instructions shall include each requested jury instruction (regardless whether agreed or objected to) fully set forth on a separate page with a citation in support of the instruction set forth at the bottom of the requested instruction. The submission shall be organized as follows. First, the parties shall tender the agreed set of instructions (to be labeled "J-1," "J-2," etc.), including any special interrogatory verdict form. Second, the parties shall tender any of Plaintiff's proposed instructions (to be labeled "P-1," "P-2," etc.) to which Defendant objects. Third, the parties shall tender any of

Defendant's proposed instructions (to be labeled "D-1," "D-2," etc.) to which Plaintiff objects. Counsel shall also provide a copy of the requested jury instructions in WORD format via e-mail to Chambers. Proposed jury instructions shall be written in sentence case, not all caps.

26.     Not more than three (3) calendar days after the filing of the requested jury instructions, the objecting party shall submit its memorandum in opposition to any jury instructions or verdict form questions requested by the other side that are not agreed upon. The objecting party shall set forth the nature of the dispute, any authority on the issue and any alternative instruction. Not more than five (5) calendar days after the filing of the requested jury instructions, the party proposing any requested instructions that are not agreed upon may submit a memorandum in support of the requested instructions.

### Voir Dire

27.     Any proposed jury *voir dire* to be requested by any party shall be filed by **June 30, 2026** before trial. Parties are encouraged to submit an instruction that succinctly summarizes the position of each party for use by the Court during *voir dire.*

### Pretrial Briefs

28.     No later **June 7, 2026**,  each party shall file a pretrial bench brief setting forth their view of the case, the elements of each claim, a discussion of any material issues, and a discussion of any unusual evidentiary issues expected to arise at trial. Pretrial briefs, however, may not serve as a substitute for motions *in limine*, because pretrial briefs do not seek a remedy. Instead, pretrial briefs serve as a vehicle for counsel to educate the Court about any potential trial issues.

### Written Stipulations

29.     Not later than **June 7, 2026**, counsel for each party shall meet and confer in a good faith effort to enter into written stipulations of uncontroverted facts. Written stipulations shall be signed by each counsel and filed with the Clerk not later than **June 12, 2026**.

### Proposed Exhibits

30.     Each Plaintiff/Counterclaim Plaintiff shall file a list of proposed exhibits by **June 5, 2026**, and shall provide a copy of all proposed exhibits to all parties. Each Defendant/Counterclaim Defendant  shall file a list of proposed exhibits and shall provide a copy of same to every party by **June 15, 2026**.

31.     All exhibits will be presented by available electronic means at trial, with counsel to contact the courtroom deputy clerk before trial if counsel is not sufficiently familiar with the courtroom electronic system to effectuate presentation at trial. **At least 7 days before trial**, each party shall deliver to the Clerk's Office a disc or thumb drive containing that party's exhibits (which shall be saved with filenames indicative of exhibit number). **The day of trial**, each party shall bring to Court and deliver to the courtroom deputy clerk three (3) trial binders containing pre-marked, indexed copies of that party's exhibits, for use during trial proceedings and by the jury during its deliberations.

### Pretrial Objections

32.     Parties shall meet and confer with regard to any objections concerning any exhibits, witnesses, or discovery to be used as evidence. For any objections that are not resolved, the parties shall file a joint memorandum that includes the following information: the unresolved objection, which must identify the exhibit or other matter to which it applies, including its designation number; a brief description of the exhibit or other matter; the basis for the objection including the

applicable Federal Rule of Civil Procedure or Rule of Evidence and how the Rule is violated; and a response from the party offering the exhibit or other matter explaining why the exhibit or other matter does not violate the applicable Rule. The parties shall file the joint memorandum by **June 7, 2026**. Parties shall include an electronic copy of any exhibit that has an unresolved objection.

### Audio or Voice Recordings

33. If either party intends to introduce an audio or video recording into evidence, such party must prepare a written transcript of the recording to accompany the recording.

### Use of Artificial Intelligence

34. Should any party utilize artificial intelligence for the preparation of any filing, they must identify the use of the artificial intelligence in the filing and provide a certification that they have reviewed all citations for accuracy.

The Clerk is directed to provide a copy of this Order to all counsel of record.

It is so ORDERED.

_____/s/_____
Roderick C. Young
United States District Judge

Date: October 20, 2025
Richmond, Virginia