IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHENZHEN JIANKE TECHNOLOGY,  )
CO., LTD, *et al*.,                        )
         Plaintiffs,                )
                      )
        v.                              )          Civil Action No. 3:25CV357 (RCY)
                      )
EARTHABLES, LTD.,                    )
         Defendant.                  )
_____ )

## ORDER

This matter is before the Court on the parties' Joint Motion for Entry of a Stipulated Protective Order (ECF No. 68). Therein, the parties state that a Protective Order is necessary in the instant case because they expect discovery to prompt the disclosure of "trade secrets, confidential personal, financial or business information and/or competitive information." *Id.* ¶ 1. As such, and pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(e), the parties jointly request that the Court issue a Protective Order to govern (1) the exchange of discovery materials by the parties and/or third parties; (2) the use or exhibition of documents and things during discovery; (3) testimony containing trade secrets, confidential or proprietary research, development technical, financial, strategic, competitive, customer, or commercial information, as well as other kinds of commercially sensitive information within the meaning of Rule 26(c)(1) and (4) the non-waiver of information subject to the attorney-client privilege and/or work product. Based on the joint nature of the Motion, and otherwise for good cause shown, the parties' Joint Motion for Entry of a Stipulated Protective Order (ECF No. 68) is GRANTED.

Accordingly, the following restrictions and procedures SHALL apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.      Counsel for any party or third-party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Such material may include, but is not limited to; (1) previously non-disclosed financial information; (2) previously non-disclosed material relating to ownership or control of a non-public company; (3) previously non-disclosed business plans, product-development, or marketing plans; (4) any information of a personal or intimate nature regarding any individual, or; (5) any other category of information given confidential status by this Court. Any party to this litigation or any third party covered by this Order who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential Information").

2.      Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading,

2

or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "AEO Information").

       3.     Confidential Information and the contents of Confidential Information may be disclosed only to the following individuals under the following conditions:

      a.     Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

      b.     Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

      c.     Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

      d.     The Court and court personnel;

      e.     Any person noticed as a deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents in advance to such disclosure;

      f.     Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, stenographers and video technicians engaged to transcribe or record depositions conducted in this action, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in

3

depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

g.    The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit; and

h.    Such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

4.    Material produced and marked as Attorneys' Eyes Only may be disclosed only to the following individuals under the following conditions:

a.    Outside counsel;

b.    Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c.    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.    The Court and court personnel;

e.    Any person noticed as a deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents in advance to such disclosure;

f.    Vendors retained by or for the parties to assist in preparing for pretrial

4

discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g.    Such other persons as counsel for the producing party agrees in advance by signing the form annexed and made Schedule A hereto or as Ordered by the Court.

5.    The Confidential Information and AEO Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

6.    No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a nonconfidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Discovery Confidentiality Order.

7.    In the event a party challenges another party's designation of Confidentiality or Attorneys' Eyes Only, the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 7 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response

5

to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute. The challenging party may then seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information or AEO Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information and AEO Information.

8.      With respect to any depositions at least one party has identified, the party noticing the deposition must provide the opposing party with a transcript of that deposition within fourteen (14) days of the deposition being taken. During any such deposition itself, if it involves potential disclosure of Confidential or Attorneys' Eyes Only material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that they have a good faith basis to declare that portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3(a), (b), (c), (d), (f), (g) and (h) above (or Paragraphs 4(a), (b), (c), (d), (f), or (g) if such transcript is designated Attorneys Eyes' Only) and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3(a), (b), (c), (d), (f), (g) and (h) above (or Paragraphs 4(a), (b), (c), (d), (f), or (g) if such transcript is designated Attorneys Eyes' Only) during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3, 4, and 5.

9.      Prior to disclosing or displaying the Confidential Information or AEO Information to any person, counsel must:

a.      Provide notice to the producing party that such disclosure is imminent;

b.      Inform the person of the confidential nature of the information or documents;

c.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

d.      Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

10.     The disclosure of a document or information without designating it as "CONFIDENTIAL" or ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information or AEO Information. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Discovery Confidentiality Order. If so designated, the document or information shall thereafter be treated as Confidential Information or AEO Information subject to all the terms of this Stipulation and Order. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim designation within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

11.     Any Personally Identifying Information ("PII") (e.g., social security numbers,

financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

12.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

13.    The parties shall follow the Court's procedures for requests for filing under seal. Information designated as "Confidential" or "Attorneys' Eyes Only" must not be filed on the public docket. If practicable, it should be redacted. Fed. R. Civ. P. 5.2. If an entire page contains information designated as "Confidential" or "Attorneys' Eyes Only," substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, after the document is initially filed under seal, the party who designated the information sought to be sealed as "Confidential" or "Attorneys' Eyes Only" must move for permission to file any information designated as "Confidential" or "Attorneys' Eyes Only" and a related motion, brief, or paper, containing that material under seal.

14.    This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15.    This Order shall remain in effect for one year after this case ends, including any

appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties. Upon termination of this case, the parties shall return to their respective counsel all Confidential and AEO Information and all copies of same, or shall certify the destruction thereof, except that Counsel for the parties shall be permitted to retain confidential information in their files, subject to the terms of this Order.

16.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information or AEO Information if otherwise required by law or pursuant to a valid subpoena.

17.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

It is so ORDERED.

_____/s/ _____
Roderick C. Young
United States District Judge

Date:  October 20, 2025
Richmond, Virginia

9